The contract, in this case, was entire; but the agent had a right of action against the contractor at the end of each month for the amount earned by the convicts according to the price fixed by the agreement. But the plaintiff could not rescind the special contract, and recover upon the common counts. The agreement was not wholly performed by the plaintiff, and could not, in the nature of things, be performed until the expiration of the whole period stipulated. A farmer hires a laborer for a year, at $10 per month, payable at the end of each month. The laborer works two months and abandons the employment of his master altogether, — in other words, rescinds the contract on his part — and sues for his wages. He must recover, if at all, upon the special contract, and upon the stipulation for monthly payments as an independent covenant. He cannot by his own act, without cause, put an end to the contract, and then ask the court to imply an assumpsit in his favor. (12 John., 168.)
If the contract in this case was rescinded without cause, the plaintiff cannot recover. If for the cause suggested by the attorney-general in his opinion, then the agreement was against public policy, as settled by an act of the legislature and expressly prohibited by the statute. No cause of action can arise from an undertaking prohibited by statute, whether the contract is malum in se or malum prohibitum. Two persons enter into a contract to smuggle goods: the law will *Page 300 
not imply a contract in favor of either in any matter growing out of the transaction.
I think the judgment erroneous.